UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: CONNSUELA H. HURDLE                         CASE NO. 10-12381-DWH
                                                   CHAPTER 13

OPINION

On consideration before the court is an objection filed by the debtor, Connsuela H. Hurdle, ("Hurdle"), to a proof of claim filed by the Mississippi Department of Revenue, f/k/a Mississippi State Tax Commission, ("MDR"); a response to said objection having been filed by MDR; and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core contested proceeding as defined in 28 U.S.C. §157(b)(2)(A).

II.

MDR initially filed a proof of claim in the sum of $34,465.98, which was amended on March 11, 2011, to $34,399.98. This is related to the tax claim discussed hereinbelow plus assessed penalties and interest.

Hurdle and her husband, James Hurdle, filed tax returns as follows:

1992 - MDR (Married filing jointly)

2003 - MDR (Married filing jointly)

1998 - United States Department of Internal Revenue (Married filing jointly)

2003 - United States Department of Internal Revenue (Married filing jointly)

The Hurdles failed to file returns with MDR for 1991, as well as, 1993 - 2002.

On August 11, 2003, MDR initiated an audit of the Hurdles regarding the 2000, 2001, and 2002 tax years. On June 25, 2004, MDR issued an assessment against the Hurdles totaling $25,428.00. The assessment was mailed by certified mail to the Hurdles' residence at 4337 Sweet Flag Loop, Southaven, Mississippi, 38671, where it was signed as received by James Hurdle on July 31, 2004.

Pursuant to §27-7-53(2), Miss. Code Ann., ("MCA"), a taxpayer is given a period of 30 days from the date of the assessment notice to pay the tax due or file an appeal as set forth in §27-7-71, MCA, and §27-7-73, MCA. This includes both an administrative proceeding, as well as, judicial review.

On May 25, 2005, MDR enrolled lien nos. 0478651-1 and 0478652-1 in the amounts of $14,417.00 and $14,496.00 respectively against the Hurdles in the judgment rolls of Desoto County, Mississippi. The Hurdles were timely notified of the enrollment of these liens.

On May 13, 2010, Connsuela Hurdle filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code. Her address was listed as 4337 Sweet Flag Loop, Southaven, Mississippi. As set forth hereinabove, MDR thereafter filed its initial proof of claim and then the amended proof of claim.

On September 30, 2010, Hurdle attempted to file her 2000 and 2001 Mississippi income tax returns as a married person filing separately. These returns were not accepted by MDR because both the time period to appeal the assessment had expired as had the statute of limitations to file a delinquent return. The statute of limitations is found in §27-7-49(5), MCA, which affords a tax payer three years from the return due date or an extension thereof to request a

revision of a <u>filed</u> returned. The availability of this statute as a 'safety net' is even problematic because the Hurdles failed to file returns with MDR for the tax years in question.

### III.

Hurdle has questioned both the methodology of the MDR assessment, as well as, the efficacy of the mailing of the notice of assessment to her residence address.

Insofar as the assessment is concerned, MDR assessed the Hurdles as married filing jointly for the 2000, 2001, and 2002 tax years because that was consistent with the filing status that they had utilized in previous tax years, and was consistent with the status that they selected when filing their 2003 income tax return. Even if the assessment methodology were erroneous, Hurdle had an opportunity to appeal, but elected not to do so. She also could have filed a return, but did not.

Insofar as the efficacy of the notice is concerned, MDR sent the notice, addressed to both Mr. and Mrs. Hurdle, at their residence by certified mail. This is the same address where Hurdle was residing when she filed her bankruptcy petition on May 13, 2010. The assessment notice was actually received because the return receipt was executed by James Hurdle. Therefore, the court can find no fault with the service of this notice.

The court is left with the inescapable conclusion that Hurdle's objection to MDR's proof of claim is not well taken and must be overruled.

### IV.

Although, for purposes of this proceeding, the court is not required to address the issue of the non-dischargeability of the MDR tax claim, the court would point out the following Bankruptcy Code sections, to-wit:

3

Section 523(a)(1)(B) provides as follows:

(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-

>(1) for a tax or a customs duty-
>. . . .
>>(B) with respect to which a return, or equivalent report or notice, if required-
>>>(i) was not filed or given; or
>>>(ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

As a part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), §523(a) of the Bankruptcy Code was amended, effective October 17, 2005. It specifically added the following definition of "return" in an unnumbered paragraph inserted immediately after §523(a)(19), to-wit:

> For the purposes of this subsection 'return' means a return that satisfies the requirements of applicable non-bankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to §6020(a) of the Internal Revenue Code of 1986, or a similar state or local law, or a written stipulation to a judgement or a final order entered by a non-bankruptcy tribunal, but does not include a return made pursuant to §6020(b) of the Internal Revenue Code of 1986, or a similar state or local law.

11 U.S.C. §523(a).

Based on the uncontradicted evidence, Hurdle did not file a Mississippi state income tax return for the years 2000, 2001, and 2002. She attempted to file a return many years later in 2010. The definition of "return" in the unnumbered paragraph added to §523(a) means that a late filed return cannot qualify as a return for dischargeability purposes because it does not comply with "applicable non-bankruptcy law 'including applicable filing requirements'." *See,*

*Creekmore v. Internal Revenue Service*, 401 B.R. 748, 751 (Bankr. N.D. Miss. 2008), *McCoy v. Miss. State Tax Commission*, 3:19-cv-575 (S.D. Miss. February 8, 2011), *Weiland v. Miss. Department of Revenue (In re Weiland)*, Case No. 10-14415, A.P. No. 11-01002 (Bankr. N.D. Miss., May 10, 2011), and *Brown v. Miss. Department of Revenue (In re Brown)*, Case No. 10-12087, A.P. No. 10-01105, (Bankr. N.D. Miss., June 1, 2011). Consequently, not only is Hurdle's claim objection not well taken, the tax debts are clearly non-dischargeable in her bankruptcy case.

The court would hasten to point out, however, that James Hurdle is also jointly and severely liable to MDR for these tax obligations. Any collections against Mr. Hurdle should be credited against those amounts that might be owed by Mrs. Hurdle.

A separate order will be entered consistent with this opinion.

This the 7th day of June, 2011.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE